IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTHONY THOMAS FOYE,**

**Petitioner,**

v.                                                                          Civil No. 1:05-cv-157
                                                                            (Judge Keeley)

**TIMOTHY O'BRIEN,**

**Respondent.**

## OPINION/REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this case by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. This case is before me for an initial review and report and recommendation pursuant to LR PL P 83.09, et seq.

### I. Factual and Procedural History

According to the petition, petitioner was convicted by a jury of possession with intent to distribute crack cocaine in the United States District Court for the Southern District of West Virginia. On August 5, 1999, petitioner received a sentence of 235 months imprisonment. Petitioner appealed his sentence to the Fourth Circuit Court of Appeals. Petitioners' appeal was denied on March 23, 2000.

Petitioner filed for relief under 28 U.S.C. § 2255 in the court that sentenced him. Petitioners' § 2255 motion was denied on February 13, 2002.

### II. Petitioner's § 2241 Petition

Petitioner initiated this case on December 9, 2005. In the petition, petitioner asserts the following grounds for relief:

(1) his 2255 proceedings were inadequate and ineffective because it did not correct his illegal and unconstitutional sentence.

(2) petitioner is actually innocent of the drug amount outside the indictment and jury verdict.

(3) the sentencing court lacked jurisdiction to sentence petitioner for drug quantities found outside the indictment and jury verdict.

(4) ineffective assistance of counsel because Booker[1] has now found that elements of drug quantity are not sentencing factors and must be charged in the indictment and proved beyond a reasonable doubt.

## III. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears*

---

[1] In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. Accordingly, the Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory.

2

> *that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Here, petitioner clearly attacks the validity of his sentence rather than the means of execution and is seeking relief in this Court under § 2241 by attempting to invoke the savings clause of § 2255 by asserting a Booker claim. However, petitioners' sentence became final in 2000 and his § 2255 motion was denied in 2002. Booker was decided on January 12, 2005. Thus, petitioners' claim is foreclosed by the Fourth Circuit's decision in United States v. Morris, 429 F.3d 65 (2005), in which the Court found that Booker is not retroactively applicable to cases on collateral review. Accordingly, petitioner cannot show that § 2255 is inadequate or ineffective to test the legality of his sentence and he is not entitled to relief under § 2241.

## IV. Recommendation

For the foregoing reasons, it is the recommendation of the undersigned that the petitioner's § 2241 petition be DENIED and DISMISSED with prejudice.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner and any counsel of record.

Dated: June 23, 2006.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

4