IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTHONY THOMAS FOYE,**

    **Petitioner,**

**v.**                                     **CIVIL ACTION NO. 1:05CV157**
                                              **(Judge Keeley)**

**TIMOTHY O'BRIEN,**

    **Respondent.**

## ORDER AFFIRMING REPORT AND RECOMMENDATION

On December 9, 2005, the pro se petitioner, Anthony Thomas Foye ("Foye"), filed an "Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241." (Doc. No. 1.) On June 23, 2006, United States Magistrate Judge John S. Kaull issued a Report and Recommendation ("R&R") recommending that Foye's § 2241 petition be denied and dismissed with prejudice. (Doc. No. 5.) Thereafter, Foye objected to the Magistrate Judge's recommendation on July 12, 2006. (Doc. No. 10.) Finding the matter ripe for review, the Court **AFFIRMS** Magistrate Judge Kaull's recommendation for the reasons that follow.

### I. Factual and Procedural History

On August 5, 1999, Foye was sentenced to 235 months of imprisonment following his convictions by a jury in the United States District Court for the Southern District of West Virginia for one count of distributing cocaine base and one count of

**ORDER AFFIRMING REPORT AND RECOMMENDATION**

possession with intent to distribute cocaine base.  On direct appeal to the Fourth Circuit Court of Appeals, Foye argued, first, that the district court was barred from determining relevant drug conduct that had not been charged in the indictment and proven beyond a reasonable doubt at trial, and, second, that the district court erred in applying an obstruction of justice enhancement to his guideline sentencing calculation.  On March 23, 2000, the appellate court affirmed Foye's convictions and the district court's imposition of sentence in their entirety.

Pursuant to 28 U.S.C. § 2255 ("§ 2255"), Foye then petitioned the trial court to vacate, set aside, or correct his sentence, again challenging the district court's application of both uncharged relevant conduct to determine the appropriate base offense level under the federal sentencing guidelines and the obstruction of justice enhancement.[1]  On February 13, 2002, the trial court denied Foye's § 2255 petition and dismissed it with prejudice.  Thereafter, on July 23, 2002, the Fourth Circuit Court of Appeals dismissed Foye's appeal of that decision.

---

[1] Foye also challenged the trial court's criminal history calculation and the length of his term of supervised release in his § 2255 petition.

**Foye v. O'Brien**                                                       **1:05CV157**

**ORDER AFFIRMING REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 2241 ("§ 2241"), Foye then initiated this case on December 9, 2005. In his petition, he asserts the following grounds of relief:

1. His 2255 proceedings were inadequate and ineffective because they did not correct his illegal and unconstitutional sentence;
2. Petitioner is actually innocent of the drug amount outside the indictment and jury verdict;
3. The sentencing court lacked jurisdiction to sentence petitioner for drug quantities found outside the indictment and jury verdict; and
4. Counsel was ineffective because Booker[2] has now found that elements of drug quantity are not sentencing factors and must be charged in the indictment and proved beyond a reasonable doubt.

### II. **Magistrate Judge's R&R**

In his R&R, the Magistrate Judge first examined the differing nature of habeas corpus relief provided by §§ 2255 and 2241 respectively. A petition brought pursuant to § 2255 is the primary method of collaterally attacking a federal conviction and sentence, while a petition brought pursuant to § 2241 is the primary means of attacking the manner in which a sentence is executed. It is only when a petitioner's claim triggers the "savings clause" of § 2255

---

[2] As noted in the Magistrate Judge's R&R, "In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. Accordingly, the Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory." (Doc. No. 5 at n. 1.)

that a § 2241 petition attacking a federal conviction and sentence will be entertained. The "savings clause" of § 2255 reads as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added).

The Magistrate Judge noted, however, that relief under § 2255 is not rendered inadequate or ineffective when that relief becomes unavailable because of a limitation bar, the prohibition against successive petitions, or a procedural bar resulting from a petitioner's failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000), the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the

gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Given these standards, Magistrate Judge Kaull analyzed Foye's claims and found that they clearly attacked the validity of his sentence rather than the manner in which it was executed. Furthermore, the Magistrate Judge found that Foye's claims in no way demonstrated the inadequacy or ineffectiveness of the relief provided by § 2255. While Foye attempted to invoke § 2255's "savings clause" by asserting a Booker claim challenging the propriety of judicial fact-finding at sentencing under a mandatory guideline system, the Magistrate Judge found that challenge foreclosed by Fourth Circuit precedent holding that Booker does not apply retroactively to cases on collateral review. United States v. Morris, 429 F.3d 65 (2005). Thus, Magistrate Judge Kaull concluded that Foye was not entitled to relief under § 2241, and recommended that his petition be denied and dismissed with prejudice.

### III. **Petitioner's Objections**

In his objections, Foye again asserts that, by engaging in judicial fact-finding, the trial court imposed an illegal sentence under the then mandatory federal sentencing guidelines based in part upon relevant drug conduct that was neither charged in the

indictment nor proven to a jury beyond a reasonable doubt.[3] He claims that his "appeal and [§]2255 [petition] were inadequate and ineffective because no court had jurisdiction to administer punishment on the drug amount that was outside the indictment and jury verdict." (Doc. No. 10 at 3.) Rather, he contends, his sentence should have been overturned on direct appeal pursuant to Jones v. United States, 526 U.S. 227 (1999), or vacated under § 2255 by the district court pursuant to Jones and Apprendi v. New Jersey, 530 U.S. 466 (2000).

## IV. Analysis

Foye has already sought habeas corpus relief pursuant to 28 U.S.C. § 2255. Accordingly, he must show that his § 2255 review provided an inadequate or inappropriate avenue of relief before a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 may be heard. In re Jones, 226 F.3d at 333. Foye attempts to make such a showing by arguing that the Supreme Court's Booker decision

---

[3] Foye also asserts that the trial court did not have subject matter jurisdiction over his case because he was sentenced under 21 U.S.C. § 841(b) rather than 21 U.S.C. § 841(a) as charged in the indictment. Because § 841(b) simply provides for the statutory penalties applicable to violations of the substantive offenses set forth in § 841(a), Foye's argument on this ground fails.
 Further, Foye contends that "[b]ecause of no appointment of counsel to represent petitioner on the 171.37 grams of crack which was outside the indictment and jury verdict, the conviction and sentence on 171.37 grams of crack is void. The right to counsel is retroactive." (Doc. No. 10 at 3 (citations omitted)). Because Foye raises this claim for the first time in his objections, it is outside the scope of his petition and the Court need not address it on the merits.

rendered the application of sentencing enhancements under the mandatory federal sentencing guideline system unconstitutional if they were not found by a jury beyond a reasonable doubt. As noted by the Magistrate Judge in his R&R, however, the rule announced in Booker, that "the Sixth Amendment is violated when a district court imposes a mandatory sentence under the Guidelines that is greater than the maximum authorized by the facts found by the jury alone," Morris, 429 F.3d at 68-69, does not apply retroactively to cases on collateral review. Id. at 72.

In this case, Foye's sentence became final and his § 2255 petition was denied long before the Supreme Court decided Booker.[4] Further, Booker announced a new procedural rule, not a new substantive rule that decriminalized his offenses of conviction. Thus, even if Booker were retroactively applicable, the rule announced therein would fail to satisfy the standard outlined in In re Jones because that standard requires, *inter alia*, a change in the substantive law of conviction before § 2255 is rendered inadequate or ineffective. Finally, nothing in Foye's contention that the appellate court and the trial court on § 2255 review

---

[4] Foye's conviction became final in 2000 when his window to file for writ of *certiorari* to the Supreme Court following his direct appeal to the Fourth Circuit closed. Moreover, his § 2255 petition was denied at both the trial court and appellate court level in 2002, while the Supreme Court decided Booker in January of 2005.

**Foye v. O'Brien**                                                    1:05CV157

**ORDER AFFIRMING REPORT AND RECOMMENDATION**

improperly upheld his sentence under U.S. v. Jones and Apprendi has any bearing on whether § 2255 afforded Foye an adequate and effective avenue of relief.

Accordingly, Foye's arguments that § 2255 was inadequate and ineffective are unpersuasive. As such, his claims do not trigger the "savings clause" of § 2255, and he is not entitled to relief under 28 U.S.C. § 2241. The Court **AFFIRMS** the Magistrate Judge's Report and Recommendation (Doc. No. 5), and **DISMISSES WITH PREJUDICE** Foye's petition (Doc. No. 1).

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the pro se petitioner, certified mail, return receipt requested, and transmit copies of this Order to counsel of record, and all appropriate agencies.

DATED: November 14, 2006

/s/ Irene M. Keeley  
IRENE M. KEELEY  
UNITED STATES DISTRICT JUDGE